# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 292 | **DATE** | 2/22/12 |
| **CASE TITLE** | Janette Watkins vs. Chicago Transit Authority, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth herein, the Court (1) grants in part and strikes as moot in part the Union's motion to dismiss the first amended complaint [44] and terminates the Union as a defendant; (2) grants in part and denies in part CTA's motion to dismiss and clarify [41]; and (3) terminates Darryl Jefferson, Michael Simmons, I. Riles, Ron Baetty, Lonnie Walker, Keith Hill, Yvette King and H. Acquillo as defendants. Plaintiff has fourteen days from the date of this order to amend Counts IV, V, VIII and XI against CTA – and only those counts – in accordance with this order. If she fails to do so, the Court will dismiss these claims with prejudice.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

In February 2007, plaintiff started to work for defendant Chicago Transit Authority ("CTA") as a bus operator and was represented by defendant Amalgamated Transit Union Local 241 ("Union"). (1st Am. Compl. ¶¶ 9, 15.) Plaintiff alleges that defendants conspired to, and did, discipline her more harshly than other employees, give her less favorable assignments and terminate her because of her sex and/or race in violation of 42 U.S.C. §§ 1981, 1983, 1985, Title VII, the Fourteenth Amendment and the Illinois Human Rights Act ("IHRA") (Counts I, III-VIII, XI-XIII), improperly denied her requests for leave pursuant to the Family Medical Leave Act ("FMLA") (Counts IX and X) and violated her rights under the Illinois Labor Relations Act ("ILRA") (Count II). (*Id.* ¶¶ 36-40, 60-97.)[1] Defendants have filed motions pursuant to Federal Rule of Civil Procedure 12(b)(1), (6) and (e) to dismiss or for a more definite statement.

**Union's Motion to Dismiss**

Plaintiff has withdrawn the §§ 1981 and 1985, Title VII and Fourteenth Amendment claims she asserts against the Union in Counts I, III-VIII, XI and XIII. (*See* Pl.'s Resp. Union's Mot. Dismiss 2; Union's Mot. Dismiss ¶¶ 2-5.) Thus, the Court strikes as moot the Union's motion to dismiss these claims.

That leaves the ILRA and IHRA claims in Counts II and XII and the FMLA claims in Counts IX and X. Original jurisdiction over ILRA claims is vested in the Illinois Labor Relations Board. 5 Ill. Comp. Stat. 315/5; *Stahulak v. City of Chi.*, 684 N.E.2d 907, 912 (Ill. App. Ct. 1997) (stating that "under Illinois law, a union's breach of duty of fair representation is an unfair labor practice . . . , which initially falls under the exclusive jurisdiction of the Illinois State Labor Relations Board"); *Cessna v. City of Danville*, 693 N.E.2d 1264, 1268 (Ill. App. Ct. 1998) (concluding that ILRA claim was "within the exclusive jurisdiction of the [Illinois Labor Relations] Board"). Likewise, original jurisdiction over IHRA claims is vested in the Illinois Human Rights Commission. 775 Ill. Comp. Stat. 5/8-111(C), (D) (vesting state circuit court with power to review orders of the Illinois Human Rights Commission and stating that "no court of this state shall have jurisdiction over the subject

**STATEMENT**

of an alleged civil rights violation other than as set forth in this Act"); *Mendez v. Perla Dental*, 646 F.3d 420, 422 (7th Cir. 2011) ("Pursuant to [the IHRA], the [Illinois Human Rights] Commission has exclusive jurisdiction over claims of civil rights violations."). The Court, therefore, dismisses these claims for lack of subject matter jurisdiction.[2]

Plaintiff fares no better with her FMLA claims against the Union because, as she admits, the Union was not her employer. *See* 29 U.S.C. § 2615 (making it unlawful for an employer to interfere with an employee's FMLA rights); (1st Am. Comp. ¶¶ 9-10, 13 (alleging that CTA was her employer)). Consequently, she cannot state an FMLA claim against the Union.

**CTA's Motion to Dismiss**

In Count IV, plaintiff asserts that defendants conspired to discriminate against her because of her sex and/or race in violation of § 1985. (1st Am. Compl. ¶ 118.) With respect to the sex-based conspiracy, plaintiff alleges that the Union and CTA have an "integral and symbiotic relationship" pursuant to which "female [CTA] employees who . . . engage in sexual activity with union officials and Chicago Transit Authority managers" are given better treatment than women who do not. (*Id.* ¶ 1.) She does not, however, allege any facts in support of this claim, let alone facts sufficient to raise her right to relief above the speculative level. Thus, she has not stated a viable § 1985 claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Plaintiff fares no better with her race-based conspiracy claim, which is premised on H. Acquillo and Y. King's alleged agreement to discipline plaintiff more harshly than her non-African-American peers. (1st Am. Compl. ¶¶ 2-3, 32-35, 76, 77-81.) Acquillo and King, however, are both CTA employees. (*Id.* ¶¶ 2-3.) Conspiracies among employees of a single corporate entity are actionable under § 1985 only if the employees "were motivated solely by their racial animus" and their employer's interests "played no [role] at all in their decisions" or their conduct is part of a broader conspiracy that permeates the organization that employs them. *See Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006); *Hartman v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 470-71 (7th Cir. 1993). Absent such allegations, which plaintiff does not make, her § 1985 racial conspiracy claim fails.

In Counts V and VIII, plaintiff asserts Title VII sex discrimination claims against CTA. She does not, however, allege that she filed an EEOC charge on these claims, and they do not fall within the scope of the race discrimination charge that she did file. (*See* Compl., Charge Discrimination (Sept. 24, 2010) (alleging that the CTA disciplined, suspended and discharged her "because of [her] race, Black, in violation of Title VII")); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (holding that discrimination claims not explicitly raised in an EEOC charge fall within its scope if they are "like or reasonably related" to the claims in the charge and can be reasonably expected to grow out of the EEOC's investigation into them (quotation omitted)). Therefore, the Court dismisses them.

In Counts IX and X plaintiff alleges that she requested and received FMLA leave on two occasions but, while the requests were pending, CTA disciplined her for leave-related absences. (1st Am. Compl. ¶¶ 83-94.) These allegations are sufficient to defeat CTA's motion to dismiss the FMLA claims. *See Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 669-70 (7th Cir. 2011) (setting forth elements of FMLA interference and retaliation claims).

In Count XI, plaintiff asserts a 42 U.S.C. § 1983 claim for CTA's alleged violation of the Fourteenth Amendment. However, CTA can be held liable under § 1983 only if plaintiff's alleged injury was caused by the execution of one of its official policies or customs. *Monell v. Dep't of Soc. Servs. of City of N.Y*, 436 U.S. 658, 694 (1978); *see McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) (stating that the term "policy" as

**STATEMENT**

it is used in *Monell* means an express policy, a permanent and widespread practice with the force of law or action by a person with final policymaking authority). Because plaintiff has not made such allegations, the Court grants CTA's motion to dismiss this claim.

**CTA's Motion for a More Definite Statement**

CTA also seeks a more definite statement of the § 1981 and Title VII race discrimination claims plaintiff asserts in Counts I, III, VI, VII and XIII. Because plaintiff's allegations that CTA disciplined her more severely, gave her less favorable assignments and terminated her because of her race sufficiently apprise CTA of the bases of her claims, the Court denies this motion. (1st Am. Compl. ¶¶ 2-3, 32-35, 57-81, 95-97, 102, 112); *see* Fed. R. Civ. P. 12(e) (stating that a motion for a more definite statement should be granted only if a complaint is "so vague or ambiguous" that defendant cannot reasonably respond to it).

**Conclusion**

For the reasons set forth above, the Court: (1) grants the Union's motion to dismiss [44] Counts II and XII, which are dismissed without prejudice, and Counts IX and X, which are dismissed with prejudice, and strikes it as moot as to Counts I, III-VIII, XI and XIII, which plaintiff has withdrawn, and terminates the Union as a party to this case; (2) grants CTA's motion to dismiss [41] Counts IV, V, VIII and XI, which are dismissed without prejudice, denies it as to Counts IX and X, *sua sponte* dismisses Count XII without prejudice and denies CTA's motion for a more definite statement; and (3) terminates Darryl Jefferson, Michael Simmons, I. Riles, Ron Baetty, Lonnie Walker, Keith Hill, Yvette King and H. Acquillo as defendants. Plaintiff has fourteen days from the date of this order to amend Counts IV, V, VIII and XI against CTA – and only those counts – in accordance with this order. If she fails to do so in that time, the Court will dismiss these claims with prejudice.

---

1. Plaintiff also names eight individuals as defendants but says they were mistakenly included and she is not asserting any claims against them. (*See* Pl.'s Resp. & Mem. Opp'n CTA's Mot. Dismiss 9.) Thus, the Court terminates Darryl Jefferson, Michael Simmons, I. Riles, Ron Baetty, Lonnie Walker, Keith Hill, Yvette King and H. Acquillo as defendants.

2. Though CTA does not request it, the Court *sua sponte* dismisses for lack of subject matter jurisdiction the IHRA claims plaintiff asserts against CTA. *See Craig v. Ontario Corp.*, 543 F.3d 872, 877 (7th Cir. 2008) (stating that the Court has a "continuing obligation to assure" that it has jurisdiction).